IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**D'ANDRA SHAWNTONE CASSITY**                                      **PLAINTIFF**
**#852916**

v.                          Case No. 1:19-cv-00088-LPR

**MARK COUNTS,** *et. al.*                                          **DEFENDANTS**

### SUMMARY JUDGMENT ORDER

On September 6, 2019, Plaintiff D'Andra Shawntone Cassity sued Sharp County Sheriff Mark Counts, the City of Hardy, and the Third Judicial Court under 42 U.S.C. § 1983.[1] On November 15, 2019, the Court informed Mr. Cassity that his Complaint was deficient and gave him thirty days to file an amended complaint.[2] Mr. Cassity filed an Amended Complaint on December 5, 2019.[3] The Court then screened Mr. Cassity's Amended Complaint pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e).[4] On December 9, 2019, the Court entered an Order dismissing without prejudice Mr. Cassity's claims against the City of Hardy and the Third Judicial Court.[5] The Court also dismissed without prejudice Mr. Cassity's "conditions of confinement"

---

[1] Pl.'s Compl. (Doc. 2). This case was originally assigned to United States District Judge Kristine G. Baker. The case was reassigned to Judge Rudofsky on November 15, 2019. (Doc. 6).

[2] Order Directing Pl. to File Amend. Compl. (Doc. 5 at 3).

[3] Pl.'s Amend. Compl. (Docs. 8, 10).

[4] 28 U.S.C. § 1915A(b) provides that "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Under 28 U.S.C. § 1915(e) the Court is to dismiss at any time an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

[5] Screening and Service Order (Doc. 9) at 2-4.

claims and his "official capacity" claims against Sheriff Counts.[6]

Mr. Cassity's only remaining claim—a failure to protect claim against Sheriff Counts—survived screening and was served.[7] In that claim, Mr. Cassity alleged that he notified Sheriff Counts (and "his guards") of racial slurs and threats that other inmates directed at him, yet Sheriff Counts took no action to protect Mr. Cassity.[8] As a result, Mr. Cassity was attacked and suffered minor injuries.[9] On August 6, 2020, Sheriff Counts filed a Motion for Summary Judgment.[10] Mr. Cassity has not responded, and the time for doing so has now passed.[11] For the reasons set out below, Sheriff Counts's Motion for Summary Judgment is GRANTED in its entirety.

## BACKGROUND

On summary judgment, the Court views the facts in the light most favorable to the nonmoving party and affords him all reasonable inferences.[12] Mr. Cassity did not controvert any of the material facts set forth by Sherriff Counts. Nor did he submit his own statement of undisputed material facts. Consequently, the material facts submitted by Sherriff Counts are deemed admitted and undisputed for purposes of this Motion.[13]

Sheriff Counts is the Sheriff of Sharp County, Arkansas, and was Sheriff at the time of the allegations in Mr. Cassity's Complaint.[14] Mr. Cassity was booked into the Sharp County Detention

---

[6] *Id.*

[7] *Id.*

[8] Pl.'s Am. Compl. (Doc. 10).

[9] *Id.*

[10] Def.'s Mot. for Summ. J. (Docs. 23-25).

[11] Local Rule 7.2(b) of the Eastern and Western Districts of Arkansas allows for a response within 14 days of the date of service of copies of a motion. A party moving for summary judgment then has seven days to file a reply.

[12] *Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1115 (8th Cir. 2018).

[13] LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

[14] Ex. A (Counts Affidavit) to Def.'s Statement of Undisputed Facts (Doc. 25-1) ¶ 1.

Center (the "Detention Center") on June 15, 2019, and he was released on September 13, 2019.[15] Upon his arrival at the Detention Center, Mr. Cassity was placed in C-Pod.[16] He did not know any of the other C-Pod inmates before arriving at the Detention Center.[17] And he was the only African-American inmate in the pod; all of the other inmates were white.[18] The other C-Pod inmates immediately began threatening Mr. Cassity.[19] They made racial slurs, threatened to jump him, and warned him not to go to sleep.[20]

Approximately one week after he arrived at the Detention Center, Mr. Cassity wrote a letter addressed to "Jim." The letter stated that Mr. Cassity wanted to be moved out of C-Pod because of the racial slurs and threats of violence.[21] Mr. Cassity testified that there were two Jims at the Detention Center: "Slim Jim" and "Combat Jim."[22] Mr. Cassity said he gave the letter to Combat Jim, but he could not remember Jim's last name or the date on which he wrote the letter.[23] Mr. Cassity also testified that shortly after giving Jim the letter, Jim told Mr. Cassity that he would be moved to another pod.[24] But before Mr. Cassity was moved, two inmates came into C-Pod and attacked him, resulting in injury.[25] Mr. Cassity was later moved into a different pod with only

---

[15] Def.'s Statement of Undisputed Facts (Doc. 25) ¶ 1; *see also* Ex. A1 (Booking Sheet) to Def.'s Statement of Material Fact (Doc. 25-2) at 5.

[16] Ex. B (Pl.'s Deposition) to Def.s' Statement of Material Fact (Doc. 25-3) at 16:7-10.

[17] *Id.* at 17:20-23.

[18] *Id.* at 18:3-7.

[19] *Id.* at 18:8-19.

[20] *Id.* at 17:24-18:19.

[21] *Id.* at 19:9-11; *see also* Ex. A1 (Pl.'s Letter to Jim) to Def.'s Statement of Material Fact (Doc. 25-2) at 28. The letter reads, in its entirety: "Jim IDK I told you but I don't feel safe sleeping back here. I'm tried to be cool but if one more motherfu\*\*er call me a n\*\*\*\*r I gonna snap. I need to be move up front please. I been told that if I go to B-Pod that 'my black ass can still be got.'"

[22] Ex. B (Pl.'s Deposition) to Def.'s Statement of Material Fact (Doc. 25-3) at 15:12-21.

[23] *Id.* at 15:14-25.

[24] *Id.* at 21:14-22:7.

[25] *Id.* at 25:4-16, 26:12-28:13.

3

misdemeanor offenders.[26] He had no further physical altercations with any inmate.[27]

Mr. Cassity admits that he never spoke to Sheriff Counts about his letter and that he does not know if Sheriff Counts ever received the letter.[28] Mr. Cassity further concedes that he never complained to anyone about the attack by the C-Pod inmates, never made a verbal or written grievance about the incident, and never asked for medical care for his injuries.[29] Mr. Cassity made clear that Sheriff Counts never witnessed any of the threats.[30] In fact, Mr. Cassity explained that the only time he ever saw Sherriff Counts was when Mr. Cassity happened to be "outside in the yard" when Sheriff Counts was pulling up to the jail.[31]

Sheriff Counts maintains that he was unaware of the letter.[32] Sheriff Counts does not know when the letter was written and does not know the identity of Jim; he is also unaware of whether Mr. Cassity wrote the letter before or after Mr. Cassity was allegedly attacked.[33] According to Sheriff Counts, if he had been aware of the letter, he would have moved Mr. Cassity to a different area in the Detention Center.[34] Sheriff Counts had no knowledge of any previous dispute between Mr. Cassity and any other inmate and did not know an altercation would occur.[35] Sheriff Counts asserts he was unaware of any substantial risk of harm to Mr. Cassity.[36]

---

[26] *Id.* at 21:24-23:4.

[27] *Id.* at 29:15-30:3.

[28] *Id.* at 16:1-6, 26:1-11.

[29] *Id.* at 30:4-17.

[30] *Id.* at 24:17-22.

[31] *Id.* at 32:20-23.

[32] Ex. A (Counts Affidavit) to Def.'s Statement of Material Fact (Doc. 25-1) ¶ 5.

[33] *Id.*

[34] *Id.*

[35] *Id.* at ¶ 6.

[36] *Id.*

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[37] The initial burden is on the moving party to demonstrate the absence of a genuine dispute as to any material fact.[38] The burden then shifts to the nonmoving party to establish that there is some genuine issue to be determined at trial.[39] The nonmoving party may not rest solely upon the allegations in his pleadings.[40] To survive summary judgment, the nonmoving party "must demonstrate the existence of specific facts" supported by sufficient probative evidence that would permit a favorable finding "on more than mere speculation, conjecture, or fantasy."[41]

The mere existence of a dispute will not bar summary judgment. The dispute must be genuine, which means the evidence could cause a reasonable jury to return a verdict for either party.[42] And the disputed fact must be material, meaning the resolution of the dispute will be outcome determinative under the controlling law.[43]

## FAILURE TO PROTECT

To prevail on a failure to protect claim, a claimant must satisfy two requirements. First, the claimant must demonstrate that his conditions of incarceration posed a substantial risk of serious harm.[44] Second, the claimant must demonstrate that the defendant prison official knew of

---

[37] FED. R. CIV. P. 56(a).

[38] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[39] *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997).

[40] *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).

[41] *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017) (citing *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[42] *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).

[43] *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

[44] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

and disregarded the risk to the inmate's safety.[45]  To make this subjective showing, a claimant must establish that the defendant was deliberately indifferent.[46]  Deliberate indifference is akin to criminal recklessness.[47]

There is no evidence supporting Mr. Cassity's claim that Sheriff Counts failed to protect him.  It is uncontested that Mr. Cassity's undated letter to "Jim" requested that Mr. Cassity be moved because he did not feel safe.  But Mr. Cassity testified that he gave this letter to Jim and that he did not know if Sheriff Counts ever received the letter.  Mr. Cassity also acknowledged that he never spoke with Sheriff Counts about the letter or about any threat from any inmate at the Detention Center.  Mr. Cassity testified that he never told anyone about the physical altercation with the other inmates, never made a verbal or written grievance about the altercation, and never sought medical care for his alleged injuries.  And Mr. Cassity had no history with the C-Pod inmates prior to his incarceration at the Detention Center.

Mr. Cassity's testimony is consistent with the information in Sheriff Counts's affidavit. Sheriff Counts stated that he did not know whether Mr. Cassity wrote the letter before or after the alleged physical altercation.  In fact, Sheriff Counts maintains that he was entirely unaware of Mr. Cassity's letter to Jim and that he was not privy to any earlier disputes between Mr. Cassity and the other inmates.  In other words, the undisputed facts demonstrate that Sheriff Counts was unaware of any substantial risk of harm to Mr. Cassity.  Accordingly, Mr. Cassity cannot succeed

---

[45] *Id.* at 837.

[46] *See Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) ("[T]he subjective inquiry regarding an official's state of mind is one of 'deliberate indifference' to inmate health or safety.").  The Eighth Circuit has "repeatedly applied the deliberate indifference standard . . . to pretrial detainee claims that prison officials unconstitutionally . . . failed to protect the detainee from a serious risk of harm." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

[47] *See Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

on his failure to protect claim based on any action—or inaction—by Sheriff Counts.  To the extent Mr. Cassity is seeking to hold Sheriff Counts liable for the acts of others ("his guards"), vicarious liability is not available under 42 U.S.C. § 1983.[48]

## CONCLUSION

For the reasons set out above, the Court GRANTS Defendant Mark Counts's Motion for Summary Judgment in its entirety.  Judgment shall be entered in favor of Sheriff Counts.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an *in forma pauperis* appeal of this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 16th day of September 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[48] *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")).